# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DEMOND McCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-487-M |
| ) | |
| JOHN WHETSEL, Oklahoma ) | |
| County Sheriff; OKLAHOMA ) | |
| COUNTY SHERIFF'S OFFICE; ) | |
| and OKLAHOMA COUNTY ) | |
| JAIL MEDICAL STAFF, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Kevin McCoy (Plaintiff), now a state prisoner, brings this action under 42 U.S.C. § 1983, claiming violations of his constitutional rights during his confinement in the Oklahoma County Detention Center (OCDC) as a pretrial detainee. Doc. 1. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

The undersigned recommends the dismissal of Plaintiff's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a § 1983 claim against any Defendant upon which relief may be granted.

## I. Plaintiff's claims.

Plaintiff names three Defendants, each in their individual and official capacities: (1) "John Whetsel, Oklahoma County Sheriff"; (2) the Oklahoma County Sheriff's Department "overseer of the Oklahoma County Jail – security"; and (3) "Medical provider/Corporation @ the Oklahoma County Jail ET.AL (contract provider)." Doc. 1, at 4-5.

Plaintiff alleges in the first of two claims that the three Defendants violated his "8th Amendment right to be free from abuse and cruel & unusual punishment by not providing adequate & safe living conditions/free from experimental drug issuance which caused harm." *Id.* at 6. When directed by the form complaint to list facts to support this claim, Plaintiff stated, "The supporting facts in this case are provided in the attachment of court Exhibit A & B. The Plaintiff was prescribed the wrong mg medicine in which the Defendants were in charge of precision which resulted in harm and unsafe conditions." *Id.* at 7.

Plaintiff's second claim is that "5, 14 constitutional rights were violated by the Defendants that 1, 2 and 3 (ET.AL.) failed to provide adequate medical diagnosis and issue medication detrimental to the Plaintiff's health & safety." *Id.* He states the "[s]upporting facts are that medical provider did not perform contract duties of examine and without regard to Plaintiff, issued medications, which in issued mg size, harmed Plaintiff medically." *Id.*

## II. Screening.

Federal law mandates the screening of complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A complaint must contain sufficient factual matter, accepted as true, to "'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[I]n a § 1983 action it is particularly important that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of

the claims against him or her, as distinguished from collective allegations against the state." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (internal quotation marks and emphases omitted).

The court construes "[a] pro se litigant's pleadings . . . liberally and h[olds them] to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court does not, however, "assume the role of [Plaintiff's] advocate," creating arguments on his behalf. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III. Analysis.

#### A. Plaintiff's claims against the Defendant Oklahoma County Sheriff's Office.

Because the Oklahoma County Sheriff's Department does not have a legal identity separate from that of Oklahoma County, the Oklahoma County Sheriff's Department is not a suable entity and is not a proper defendant in a § 1983 action. *See Reid v. Hamby*, No. 95-7142, 1997 WL 537909 at *6 (10th Cir. Sept. 2, 1997) (unpublished op.) ("We . . . hold that an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 suit."); *Lindsey v. Thomson*, 275 F. Appx. 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against the Carter County, Oklahoma sheriff's department,

because it is "not [a] legally suable entit[y]"). As such, Plaintiff fails to state a claim upon which relief may be granted against this Defendant.

### B. Plaintiff's official capacity claims against Defendant Whetsel, Oklahoma County Sheriff.

"Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). In order to sufficiently allege such a claim, Plaintiff must effectively describe "official policy or custom [that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Id.* Because Plaintiff has not done so here, he fails to adequately state a claim upon which relief can be granted against Defendant Whetsel in his official capacity.

### C. Plaintiff's deliberate indifference claims.

Plaintiff alleges Defendants harmed him by "experimental drug issuance," by failing to provide an "adequate medical diagnosis," and by prescribing the wrong medication (or dosage) without performing their duty to examine him. Doc. 1, at 6-8. He claims this violated his rights under the Fifth, Eighth, and Fourteenth Amendments. *Id.*

Plaintiff's allegations do not implicate the Fifth Amendment because his complaints are with state, not federal, actors. *See Dusenbery v. United*

5

*States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States" from deprivation without due process.) And, Plaintiff was a pretrial detainee at the time of the alleged constitutional violations so the Fourteenth Amendment, not the Eighth, governs his claims. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999). Nonetheless, the court "appl[ies] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Id.*

"Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). The test for constitutional liability of prison officials "involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted).

For the objective element, a plaintiff must allege facts showing "that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218

F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). Here, Plaintiff concludes experimental and improperly prescribed medication harmed him but pleads no facts to show the reason for the treatment, that is, the medical need. He necessarily, then, fails to plead sufficient facts to show a "sufficiently serious" medical need. *Id.*[1]

Plaintiff's skeletal allegations also fail to satisfy the subjective component. This "prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751. To meet the subjective component, a plaintiff must show that the "prison official knows of and disregards 'an excessive risk to inmate health or safety.'" *Sealock,* 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). "The subjective prong examines the state of mind of the defendant . . . ." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). Plaintiff states no facts that plausibly suggest any Defendant's culpable state of mind. At most, Plaintiff infers negligence, but a claim of negligent treatment "does not state a valid claim of medical mistreatment under the

---

[1] As noted, Plaintiff claims "[t]he supporting facts in this case are provided in the attachment of court exhibit A & B." Doc. 1, at 7. These two exhibits are copies of prescriptions ordered for Plaintiff at the Lexington Assessment & Reception Center on September 16, 2015. *Id.* Exs. A, B. Once again, Plaintiff's allegation is conclusory—he fails to plead facts connecting the information in the exhibits to his treatment at OCDC.

7

Eighth Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (internal quotation marks omitted).

## IV. Recommendation and notice of right to object.

The undersigned recommends the summary dismissal of Plaintiff's claims under 28 U.S.C. § 1915A(b)(1) for failure to state a § 1983 claim against any Defendant upon which relief may be granted. Specifically, the undersigned recommends dismissal with prejudice of Plaintiff's claims against the Oklahoma County Sheriff's Office and dismissal without prejudice of all remaining claims. The court's adoption of this recommendation will moot Plaintiff's pending motions, Docs. 5-8.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before June 29, 2016, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 9th day of June, 2016.

                                                                                          *[Signature]*

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE